United States District Court
Southern District of Texas
**ENTERED**
November 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Mauro Alberto Rivas Mendoza, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-4901 |
| | § | |
| Randy Tate, *et al.*, | § | |
| | § | |
| Respondents. | § | |

# ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Mauro Alberto Rivas Mendoza is a native and citizen of El Salvador, Docs. 7; 10-2 at 2, who previously unlawfully entered the United States, Docs. 10 at 2; 10-2 at 2, 5. He is detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A). Doc. 1 ¶ 8. At the time he filed the Petition, Petitioner was in the custody of Respondent, Warden of the Montgomery Processing Center in Conroe, Texas.[1] *Id.* ¶ 2. Petitioner was ordered removed on June 30, 2026.[2] Petitioner's appeal of that order is still pending. *See id.* Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) substantive due process; (ii) procedural due process; and (iii) the Fourteenth Amendment's Equal

---

[1] According to the U.S. Immigration and Customs Enforcement's Online Detainee Locator System, Petitioner is now detained at the Houston Contract Detention Facility in Houston, Texas. *See* U.S. Immigration and Customs Enforcement, *Online Detainee Locator System*, https://locator.ice.gov/odls/ (last visited October 21, 2026).

[2] *See* Executive Office for Immigration Review, *Automated Case Information System*, https://acis.eoir.justice.gov/ (last visited October 21, 2026)

Protection Clause. Doc. 1 ¶¶ 17–50.

Now before the Court is Respondents' Motion for Summary Judgment. Doc. 10. Respondents maintain that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See id.*; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Petitioner has not filed a response to the Motion, and the Court takes his failure to do so as a representation of non-opposition. *See* Doc. 6 ¶ 3; L. R. 7.4.

Even if the Motion were opposed, this Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).[3]

As such, Respondents' Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. All other pending motions are DENIED AS MOOT. The Clerk of Court is

[3] To the extent Petitioner argues his present detention constitutes "arbitrary and capricious" government action violative of the Fifth Amendment's Due Process Clause, *see* Doc. 1 ¶¶ 51–56, the Court also considered and rejected this argument. *Campos Bernal*, 2026 WL 1804234 at *4 n.4.

directed to close this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 2nd of November, 2026.

Nicholas J. Ganjei
United States District Judge